**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| NORFLEET STEWART, | ) | No. CV 08-3220-JVS (AGR) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |
| JAMES A. YATES, Warden, | ) | |
| Respondent. | ) | |

On May 15, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court orders Petitioner to show cause, on or before ***June 23, 2008***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

///

///

///

# I.

## PROCEDURAL HISTORY

According to the Petition, Petitioner was convicted on April 12, 1999, of first degree residential burglary, Cal. Penal Code § 459.  (Petition at 2.)  The sentence was 36 years to life under the Three Strikes Law.  (*Id.*)  On appeal, the California Court of Appeal affirmed the judgment.  (*Id.* at 2-3.)  Although the Petition states that the decision was dated September 1, 2000 (*id.* at 3), the online docket indicates that the decision was dated May 4, 2000.  No Petition for Review was filed in the California Supreme Court.  (*Id.* at 3.)

The California Court of Appeal's online docket indicates that Petitioner filed a petition for writ of habeas corpus on April 29, 2005, which was denied on July 28, 2005. Petitioner also filed a state habeas petition with the California Court of Appeal on August 25, 2006, which was denied on January 25, 2007.  (*Id.* at 4.)  Petitioner filed a habeas petition with the California Supreme Court on July 23, 2007, which was denied on January 3, 2008.  (*Id.*)

# II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

///

///

**A.    The Date on Which Conviction Became Final**

Based on the record before the court, Petitioner was convicted on April 12, 1999. (Petition at 2.)  The California Court of Appeal affirmed the judgment no later than September 1, 2000.[1]  (*Id.* at 2-3.)  No Petition for Review was filed in the California Supreme Court.  (*Id.* at 3.)  Therefore, Petitioner's conviction became final 40 days later on October 11, 2000.  *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) (citing to California Rules of Court 24(b)(1) and 28(e)(1), since renumbered as Rules 8.264 and 8.500 respectively), *revised for other reasons*, 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 979 (2007).

Accordingly, the one-year statute of limitations expired no later than October 11, 2001.  Petitioner's federal habeas petition was signed and mailed on May 13, 2008. Therefore, the Petition is time-barred unless the statute of limitations was tolled.

**1.    Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

The online docket for the California Court of Appeal indicates that Petitioner's first state habeas petition was filed on April 29, 2005, approximately three and one-half years after the statute of limitations expired.  Petitioner does not state when it was signed and mailed.  The Petition indicates that the first state habeas petition was filed even later, on August 25, 2006.  (Petition at 4.)  For purposes of statute of limitations, however, Petitioner is given the benefit of the earlier state habeas petition.

However, a state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84

---

[1]    As noted above, the Petition states that the California Court of Appeal's decision was dated September 1, 2000.  However, the online docket indicates that the decision was dated May 4, 2000.  For purposes of calculating the statute of limitations, Petitioner is given the benefit of the later date, September 1, 2000.

(9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).  Given that Petitioner does not appear to have filed any habeas petitions in state court before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[2]

### 2.   Equitable Tolling

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling.  *Lawrence,* 127 S. Ct. at 1085.  Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (citation and internal quotation marks omitted).  The extraordinary circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

### B.   28 U.S.C. § 2244(d)(1)(D) - Discovery

Ground Three of the Petition alleges ineffective assistance of counsel for failing to object to CALJIC 2.15 (Possession of Stolen Property) and the prosecution's argument that Petitioner could be convicted for the crime of possession of stolen property, which was not listed in the information.[3]  (Petition, Ground III at 2.)  Petitioner alleges that if his defense counsel had objected, the outcome of the trial would have been more favorable to him.  (*Id.* at 3-4.)

///

---

[2]   The one-year statute of limitations is not tolled while a federal habeas petition is pending.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

[3]   The Petition alleges that Petitioner was convicted of first degree residential burglary, not possession of stolen property.  (Petition 2.)  Petitioner alleges that the trial court instructed the jury on CALJIC 2.15, Possession of Stolen Property, as an alternative to residential burglary.  (Petition, Ground II at 2.)  Petitioner argues that this jury instruction "seriously polluted" his trial and, therefore, his conviction for first degree burglary should not stand.  (*Id.* at 3-4, 6.)

In the context of an ineffective assistance claim, the statute starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice (whichever is later).  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"  *Hasan*, 254 F.3d at 1154 n.3.

Here, Petitioner knew or through diligence could discover the factual predicate of his claim in Ground Three during the trial and no later than the date of conviction, April 12, 1999.  (Petition at 2.)  Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired one year later.  As discussed above, Petitioner is not entitled to statutory tolling because his first state habeas petition was filed on April 29, 2005, after the statute of limitations expired.  (*See supra* at 3.)  The Petition does not contain any basis for equitable tolling.  The Petition is still time-barred under 28 U.S.C. § 2244(d)(1)(D).

## C.   Actual Innocence

The Ninth Circuit has not yet decided whether actual innocence can overcome the AEDPA's one-year statute of limitations.  *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) ("the question to be answered is whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court").

Even assuming actual innocence could provide relief under some theory, the actual innocence standard "is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (citation and internal quotation marks omitted).

1    The Supreme Court has made clear that the actual innocence standard is not
2  satisfied by a claim of insufficient evidence.  *Id.*  Petitioner's actual innocence argument
3  is based exclusively on a claim of insufficient evidence.  "Here in this case the petitioner
4  is basing his claim of actual innocence upon the insufficient evidence to support the
5  essential element of 'entry' for the purpose of residential burglary."  (Petition, Ground I
6  at 3.)  "[I]f the prosecution cannot establish entry then the petitioner is legally not guilty
7  of residential burglary."  (*Id.* at 6.)  "[E]vidence that the petitioner was seen by a witness
8  coming from the direction of the victims [sic] home . . . does not satisfies [sic] any of the
9  elements of burglary especially in regards to the essential element of entry that must be
10  proven to legally sustain a burglary conviction."  (*Id.* at 6.)

11    Accordingly, Petitioner's actual innocence argument fails.  Under actual
12  innocence, a petitioner "must establish that, *in light of new evidence*, 'it is more likely
13  than not that no reasonable juror would have found petitioner guilty beyond a
14  reasonable doubt.'"  *Bell*, 547 U.S. at 536-37 (citation omitted) (emphasis added).  To do
15  so, Petitioner must present "*new reliable evidence*" not presented in the context of trial.
16  *Id.* at 537 (emphasis added).  Then, based on all of the evidence, both old and new,
17  "the court must make 'a probabilistic determination about what reasonable, properly
18  instructed jurors would do.'"  *Id.* at 538 (citation omitted).  "The court's function is not to
19  make an independent factual determination about what likely occurred, but rather to
20  assess the likely impact of the evidence on reasonable jurors."  *Id.*

21    Here, Petitioner relies exclusively upon the evidence presented to the jury at trial.
22  The Petition does not allege any new evidence as required by *Bell*.  *See also Smith v.*
23  *Baldwin*, 510 F.3d 1127, 1139-46 (9th Cir. 2007) (en banc) (evaluating impact of new
24  evidence); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (requiring new evidence
25  that was not introduced to the jury at trial), *cert. denied,* 541 U.S. 998 (2004).  Under
26  these circumstances, an "actual innocence" argument does not overcome the statute of
27  limitations.
28  ///

1    For the same reason, Petitioner does not overcome the statute of limitations

2  under the more stringent freestanding innocence standard.  The Supreme Court has left

3  open the question of whether a freestanding innocence exists and, if so, whether it

4  would apply in a non-capital case.  *Bell,* 547 U.S. at 554-55; *Herrera v. Collins*, 506 U.S.

5  390, 405, 417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).  The Ninth Circuit has

6  assumed that a freestanding innocence claim is possible but has articulated that, at a

7  minimum, "'a habeas petitioner asserting a freestanding innocence claim must go

8  beyond demonstrating doubt about his guilt, and must affirmatively prove that he is

9  probably innocent.'" *Osborne v. District Attorney's Office*, Case No. 06-35875, 2008

10  U.S. App. LEXIS 6911, at *28 (9th Cir. April 2, 2008) (citation omitted).  Petitioner

11  makes no such showing and argues only that there is insufficient evidence of the

12  element of entry to establish residential burglary.

**IV.**

**ORDER TO SHOW CAUSE**

15    IT IS THEREFORE ORDERED that, on or before ***June 23, 2008***, Petitioner shall

16  show cause, if there be any, why this Court should not recommend dismissal with

17  prejudice of the Petition based on expiration of the one-year statute of limitations.

18  Petitioner's response must explain why his Petition is not barred by the statute of

19  limitations.

20    ***Accordingly, if Petitioner does not respond to this Order to Show Cause,***

21  ***the Magistrate Judge will recommend that the Court order the petition dismissed,***

22  ***with prejudice, based on expiration of the one-year statute of limitations.***

24  DATED: May 21, 2008

                                     _____
26                                   ALICIA G. ROSENBERG
                                     UNITED STATES MAGISTRATE JUDGE

7